UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **SUPERSEDING INFORMATION** |
| v. | S1 24 Cr. 504 (JGK) |
| MICHAEL SMITH, | |
| Defendant. | |

## COUNT ONE
### (Conspiracy to Commit Wire Fraud)

The United States Attorney charges:

1.      From at least in or about 2017 through in or about 2024, in the Southern District of New York and elsewhere, MICHAEL SMITH, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit an offense against the United States, to wit, wire fraud, in violation of Title 18, United States Code, Section 1343.

2.      It was a part and an object of the conspiracy that MICHAEL SMITH, the defendant, and others known and unknown, knowingly having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343, to wit, SMITH made misrepresentations in connection with a scheme to artificially inflate streaming data in order to fraudulently obtain royalties, and sent and received, and caused others to send and receive, emails and other electronic

communications, to and from the Southern District of New York and elsewhere, in furtherance of that scheme.

## Overt Acts

3.      In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.      Between 2017 through in or about 2024, MICHAEL SMITH, the defendant, created thousands of accounts on digital music streaming platforms (the "Streaming Platforms") using fake names and fake email accounts.

b.      Between 2017 through in or about 2024, MICHAEL SMITH, the defendant, used "bots"—automated programs—to stream the AI-generated songs billions of times.

c.      On or about March 6, 2018, a Manhattan-based music distribution company ("Distribution Company-1") informed SMITH that one of his songs "fit the criteria that is usually linked to store end streaming abuse." SMITH responded, "I acknowledge what you wrote and I ask that you still release it. We have no intentions of committing streaming fraud." Later that same year, in or about October 2018, Distribution Company-1 advised SMITH that it had received "multiple reports of streaming abuse from different stores" and, as a result, planned to remove SMITH's releases from all stores. Distribution Company-1 further advised SMITH, "engaging in fraudulent activity, including artificially increasing your stream counts in stores (commonly known as "streaming abuse"), is a violation of [Distribution Company-1's] Terms of Service." In response, SMITH lied about his streaming fraud, claiming: "This is absolutely wrong and crazy! . . . There is absolutely no fraud going on whatsoever! How can I appeal this?"

2

d.      In or about March 2019, a Streaming Platform ("Streaming Platform-1") informed a music distribution company ("Distribution Company-2") that SMITH was working with, that Streaming Platform-1 believed SMITH had engaged in streaming fraud. When told of Streaming Platform-1's determination, SMITH falsely told Distribution Company-2, "I have done NOTHING to artificially inflate the streams on my two albums. . . . I have not a done a thing to illegally stream my music. . . . I have not violated the terms of my agreement with you at all and you have provided no proof either. I have not illegally streamed my music."

e.      In or about March 2019, SMITH communicated directly with Streaming Platform-1 to deny that he was engaged in streaming fraud and demand that Streaming Platform-1 reinstate his music. SMITH wrote, "I need to see some proof as to why you are claiming I had artificial Streams? You have slandered me to my distributors claiming I've had fraudulent streams, however you have provided no proof to this claim, you have provided me no chance to defend myself, and you have withheld money that is owed to me. I am asking for you to provide me with the documentation of what you feel was done artificially. I have never done anything to artificially inflate my streams. I have worked with promotion companies who claim to be legitimate." Those statements were false. As SMITH well knew, he had artificially streamed his music over and over again. SMITH made these false statements in an attempt to convince Streaming Platform-1 to reinstate his music so that he could continue fraudulently obtaining royalties.

(Title 18, United States Code, Section 371.)

### FORFEITURE ALLEGATION

4.      As a result of committing the wire fraud conspiracy alleged in Count One of this Superseding Information, MICHAEL SMITH, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code,

Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

### Substitute Assets Provision

5.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and

Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the

defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981;
Title 21, United States Code, Sections 853; and
Title 28, United States Code, Section 2461.)

JAY CLAYTON
United States Attorney